UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>GEORGE MONTILLA ) | Criminal No. 04-10160 (WGY) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS FRUITS OF UNLAWFUL SEARCH AND SEIZURE

NOW comes the defendant, by and through undersigned counsel, and submits this Memorandum of Law in support of his Motion to Suppress Fruits of an Unlawful Search and Seizure.

## FACTS

On March 12, 2004, at approximately 11:20 A.M., the defendant was a front-seat passenger in a motor vehicle that was stopped by Massachusetts State Trooper Boutwell. The vehicle was occupied by two (2) other individuals in the area of Park Street and Exchange Street in Lawrence, Massachusetts. Trooper Boutwell issued a citation to the operator of the vehicle for operation after the revocation of the registration. Trooper Boutwell called for a tow-truck to tow the vehicle, then asked for identification from each of the passengers (defendant and the other passenger). The defendant identified himself and handed his identification to Trouper Boutwell. Trouper Boutwell then asked the defendant and the other passenger to exit the vehicle, at which time he decided to frisk

the defendant. After frisking the defendant and seizing $7150.00, Trouper Boutwell called a Spanish-speaking officer to the scene. When the Spanish-speaking officer arrived, he questioned the defendant about the money that Trouper Boutwell found during the frisk. The defendant and the two other occupants of the vehicle were not arrested, rather they were sent from the scene in a taxicab.

## ARGUMENT

Each person is to be free of unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution. The search warrant clause, found in the latter part of the Fourth Amendment, was designed as a protectionary measure to safeguard the right created in the Fourth Amendment – the right to be free from unreasonable searches and seizures. However, case law carves out exceptions to this safeguard, when circumstances so require. See, generally, (search warrant exception cases) Katz v. United States, 389 U.S. 347, (1967); Shneckloth v. Bustamonte, 412 U.S. 218 (1973); New York v. Belton, 453 U.S. 454 (1981); Spinelli v. United States, 393 U.S. 410 (1969); Carroll v. United States, 267 U.S. 132 (1925); South Dakota v. Opperman, 428 U.S. 364 (1976); New York v. Burger, 482 U.S. 691 (1987); National Treasury Employee's Union v. Von Raab, 489 U.S. 656 (1989).

The Fourth Amendment permits officers to detain an individual briefly on reasonable suspicion of criminal activity and to frisk him for weapons whenever there is an objectively reasonable belief that the subject is armed and dangerous. The Fourth Amendment forbids a frisk where the officers had no *actual* concern for their safety. United States v. Lott, 870 F.2d 778, 783-4 (1st Cir. 1989). The test is "whether a reasonably prudent man in the circumstances would be warranted in the belief that his

safety or that of others was in danger." Terry, supra. The officer may not rely on a simple 'hunch'; instead, he must rely on "specific reasonable inferences which he is entitled to draw from the facts in light of his experience." Id. "Courts have developed factors, and have called for the police to identify articulable facts, warranting frisks in an attempt to place real limits on police conduct during investigatory stops" United States v. McCoy. p. 7 (1st Cir. 2004)

When it comes to passengers in motor vehicles, a police officer may frisk a person upon a reasonable suspicion "that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual of a crime." Terry, supra, at 27. "Both before and after Terry v. Ohio, [392 U.S. 1 (1968)], the Supreme Court has repeatedly emphasized that the police may not frisk persons simply because they happen to be in the same place as someone whom the police may lawfully search." United States v. Stark, 1:03 CR 10187-DPW, 17 (1st Cir. 2004); Ybarra v. Illinois, 444 U.S. 85, 92-93 (1979). In Wyoming v. Houghton, 526 U.S. 295, 307 (1999), it is made clear that a search of a passenger's person is a greater intrusion than a search of an item located inside a motor vehicle.

### NO PARTICULARIZED REASONABLE SUSPICION EXISTED FOR THE SEARCH OF THE DEFENDANT-PASSENGER

The instant case is bare of anything preceding the search of defendant-passenger that would give rise to reasonable suspicion. Police officers are required to have particularized, reasonable suspicion as to each individual passenger in order to lawfully frisk him/her. Knowles v. Iowa, 525 U.S. 113 (1998). Even a "generalized risk to officers' safety [will not suffice] to justify a routine 'pat-down' of all passengers as a matter of course". United Stated v. Paradis, 351 F.3d 21, 29 (1st Cir. 2003).

In United States v. Starks, (1st Cir. 2004), police officers stopped a motor vehicle for a minor traffic violation late at night, in a high crime area. During stop, officers learned that the driver had a pending cocaine trafficking case. The officers frisked both the driver and the passenger with reasonable suspicion based on time of night, the area and driver's pending drug trafficking case. The officers found a gun on the passenger during the search. The passenger was charged with firearms violation. The Court held that there was no reasonable suspicion to search the defendant-passenger and therefore that the gun was inadmissible against him, as it was the fruit of an unlawful search. The Court further stated that the police may not frisk a passenger without particularized reasonable suspicion as to the passenger. Id. at 22.

Similar to Starks, the instant case involves the search of a passenger without particularized reasonable suspicion. The defendant was a front seat passenger in a motor vehicle that was pulled over for a traffic violation. At all times the defendant complied with the officers' requests. The defendant produced identification, exited the vehicle and even answered extensive police questions. The investigative report is completely devoid of any claim that the officer's feared for their safety with respect to the defendant-passenger. The investigative report never asserts or alleges that the defendant in any way posed any threat to the safety of the multiple officers or anyone else at the scene.

In Unites States v. McCoy, (1st Cir. 2004), plainclothes officers on patrol in an unmarked cruiser saw the defendant (the operator of a motor vehicle) sitting in the drivers' seat in an illegally parked vehicle with the license plate improperly displayed. The police observed that the defendant appeared nervous and made several movements when they made eye contact with him. The defendant made further movements as the

police approached the motor vehicle. The officers requested that the defendant exit the vehicle, at which point the defendant was searched. The officers found narcotics on the defendant's person and placed him under arrest. The officers found nothing in the search of the motor vehicle. The Court held that the narcotics found on the defendant must be suppressed because the pat frisk search of the defendant during an investigatory stop for a traffic violation was in violation of the Fourth Amendment. The Court said that the frisk of the defendant not supported by reasonable suspicion that the defendant posed a threat to the officers' safety. "The only indications that the defendant was dangerous were (a) generalized notions regarding the neighborhood...and (b) movements and nervousness in the presence of police. McCoy, supra at 5.

The Court in McCoy held that "the justification for stopping and asking a citizen to get out of [a] vehicle does not ineluctably satisfy the further requirements for frisking him" Id. at 6. Following McCoy, the pat-frisk of the defendant in the case at bar violated his Fourth Amendment right to be free from unreasonable search and seizure because the defendant did nothing threatening to the officers, or anyone else on the scene. Unlike the defendant-driver in McCoy, the defendant-passenger in the case at bar made no movements when the police approached the vehicle. The investigatory report is completely bare and absolutely silent to any allegation of action by the defendant that would justify a pat-frisk by the officers. According to the report of investigation, paragraph 13, "After obtaining identification from the occupants of the vehicle, Trooper Boutwell asked each one to exit the vehicle. While conducting a pat frisk of MONTILLA, Trooper Boutwell found $5000.00 in his jacket and another 2150.00 in his front pants pocket. At Trooper Boutwell's request, a Lawrence, MA Police Officer

arrived on the scene, who was fluent in the Spanish language [to question Montilla about the currency found]."

While the police officers certainly had the right to ask the passenger-defendant to exit the vehicle during the investigatory stop, the officers' stomped on the Fourth Amendment when they conducted the pat-frisk in a situation that posed no threat to safety. See Terry, supra; McCoy, supra; Starks, supra.

## CONCLUSION

WHEREFORE, the defendant requests that this Honorable Court grant his Motion to Suppress all evidence seized from the pat-frisk of his person on the above-described grounds.

Respectfully submitted,
GEORGE MONTILLA
By his attorney,

_____
RONALD IAN SEGAL
23 Central Avenue
Suite 605
Lynn, MA 01901
(781) 599-2800