UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|          Plaintiff,     ) | |
|                          ) | |
|     v.                   ) | CRIMINAL NO. 02-40030-NMG |
|                          ) | |
| KEVIN A. PERRY, Jr.        ) | |
|          Defendant.      ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**GORTON, D.J.**

WHEREAS, on or about November 20, 2002, a federal grand jury sitting in the District of Massachusetts returned a One-Count Indictment charging defendant Kevin Perry (the "Defendant"), with Conspiracy to Manufacture and to Possess with Intent to Distribute and to Distribute 3,4 Methylenedioxymethamphetamine/MDMA, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One);

AND WHEREAS, the Indictment also included a Criminal Forfeiture allegation, pursuant to 21 U.S.C. §853, and the United States sought forfeiture as a result of committing the offense alleged in the Indictment, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, and any and all property used, intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.  Such property includes, but is not limited to, the following:

   1. 2002 M/V Augusta F4 Senna Motorcycle, vehicle identification number ZCGAGFLJ82V100459, seized from Kevin A. Perry on January 31, 2003, at 53 Center Street, Linwood, MA ("Senna Motorcycle");

2. 2001 Suzuki 1000 GSX Motorcycle, vehicle identification number JSIGT742A812108528, seized from Kevin A. Perry on January 31, 2003, at 53 Center Street, Linwood, MA ("Suzuki Motorcycle");

3. 2001 Ducatti Motorcycle, vehicle identification number ZDM1SB5T51B012457, seized from Kevin A. Perry on February 6, 2003, at Fast by Ferracci, 1901 Davisville Road, Willow Grove, PA ("Ducatti Motorcycle");

4. The contents of a savings account held in the name of Bonnie Perry, Citizens Bank Savings Account No. 1144893170, seized on February 24, 2003 ("Citizens Bank Account");

5. 2002 Yamaha Motorcycle, vehicle identification number JYARN10E32A005356, seized from Kevin A. Perry, on January 31, 2003, at 53 Center Street, Linwood, MA ("Yamaha Motorcycle");

6. 2001 USCAR Cargo Trailer, vehicle identification number 4X4UU82161W003800, seized from Kevin A. Perry, on January 31, 2003, at 53 Center Street, Linwood, MA ("USCAR Cargo Trailer");

7. Real Property located at 497 Windham Road, Brooklyn, CT, along with the White/Black, 1967 Marlette Mobile Home, ID# P-12-260RFKEA61178 located thereon, more particularly described in a deed to Kevin A. Perry recorded with the Brooklyn Land Records in Book 241, Page 72 ("Windham Road Property"); and

8. Real Property located at 168 Wright Pond Road, Canterbury, CT, along with the appurtenances located thereon, more particularly described in a deed to Kevin A. Perry and Gary D. West, as joint tenants with full rights of survivorship, recorded with the Canterbury Land Records in Liber 110, Page 1124 ("Wright Pond Road Property")(collectively the "Defendant Properties");

AND WHEREAS, the forfeiture allegation also provided that if any of the prior mentioned properties, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited

with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; that it was the intention of the United States, pursuant to Title 21 U.S.C. §853(p), to seek forfeiture of any other property of the Defendant up to the value of the properties above;

AND WHEREAS, on or about January 18, 2005, pursuant to a written plea agreement, the Defendant entered a plea of guilty to Count One of the Indictment and agreed to the forfeiture of the Defendant Properties defined in the plea agreement;

AND WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. §853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Properties, or substitute assets in a value up to the amount of the Defendant Properties.  See Rule 32.2(b)(2); 21 U.S.C. §853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999);

AND WHEREAS, upon issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Defendant Properties and will publish notice in newspapers of general circulation of the Court's Order and of the United States' intent to dispose of the Defendant Properties in such manner as the

Attorney General, or his authorized representatives, may direct, pursuant to 21 U.S.C. §853(n);

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The United States' Motion for Entry of a Preliminary Order of Forfeiture is ALLOWED.

2. Based upon the conviction of the Defendant, the United States is hereby authorized to seize the Defendant Properties and they are hereby forfeited to the United States of America for disposition pursuant to the provisions of 21 U.S.C. §853(a).

3. If the Defendant Properties, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be subdivided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Defendant Properties, pursuant to 21 U.S.C. §853(p).

4. The United States shall hold the seized Defendant Properties in its secure control and custody.

5. Pursuant to 21 U.S.C. §853(n), the United States shall take any other appropriate steps pursuant to the statute's applicable provisions to seize, forfeit, and dispose of the Defendant Properties, giving notice as required by law.

6.  Pursuant to 21 U.S.C. §853(n)(1), the United States shall publish, at least once for three successive weeks in a newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Defendant Properties in such manner as the Attorney General may direct.

7.  Pursuant to 21 U.S.C. §853(n), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Defendant Properties to be forfeited.

8.  Pursuant to 21 U.S.C. §853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Defendant Properties, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Defendant Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Defendant Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Defendant Properties, any additional facts supporting the petitioner's claim, and the relief sought.

9. Pursuant to 21 U.S.C. §853(n), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Defendant Properties.

10. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. §853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

                                              _____
                                              Nathaniel M. Gorton
                                              United States District Judge

Date: