UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10160-WGY |
| | ) | |
| GEORGE MONTILLA | ) | |
| also known as JOSE, | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

**YOUNG, D.J.**

WHEREAS, on or about September 23, 2004, a federal grand jury sitting in the District of Massachusetts returned a One-Count Superseding Indictment charging defendant George Montilla, also known as Jose (the "Defendant"), with Conspiracy to Distribute, and to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §846 (Count One);

AND WHEREAS, the Superseding Indictment also included a Criminal Forfeiture allegation, pursuant to 21 U.S.C. §853, seeking forfeiture, as a result of committing the offense alleged in the Superseding Indictment, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense, and any and all property used, intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. Such property includes, but is not limited to, $7,150 in United States currency seized from the Defendant on March 12, 2004, in that such sum represents drug

proceeds ("Defendant Property");

AND WHEREAS, the forfeiture allegation also provided that if the above-mentioned properties, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it was the intention of the United States, pursuant to Title 21 U.S.C. §853(p), to seek forfeiture of any other property of the Defendant up to the value of the properties above;

AND WHEREAS, on or about June 1, 2005, a Change of Plea hearing was held whereby the Defendant pled guilty to Count One of the Superseding Indictment;

AND WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. §853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Property, or substitute assets in a value up to the amount of the Defendant Property. See Rule 32.2(b)(2); 21 U.S.C. §853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999);

AND WHEREAS, upon issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Defendant Property

and will publish notice in newspapers of general circulation of the Court's Order and of the United States' intent to dispose of the Defendant Property in such manner as the Attorney General, or his authorized representatives, may direct, pursuant to 21 U.S.C. §853(n);

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.   The United States' Motion for Entry of a Preliminary Order of Forfeiture is ALLOWED.

2.   Based upon the conviction of the Defendant, the United States is hereby authorized to seize the Defendant Property and it is hereby forfeited to the United States of America for disposition pursuant to the provisions of 21 U.S.C. §853(a).

3.   If the Defendant Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Defendant Property, pursuant to 21 U.S.C. §853(p).

4.   The United States shall hold the seized Defendant Property in its secure control and custody.

5.   Pursuant to 21 U.S.C. §853(n), the United States shall take any other appropriate steps pursuant to the statute's

applicable provisions to seize, forfeit, and dispose of the Defendant Property, giving notice as required by law.

6.    Pursuant to 21 U.S.C. §853(n)(1), the United States shall publish, at least once for three successive weeks in a newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Defendant Property in such manner as the Attorney General may direct.

7.    Pursuant to 21 U.S.C. §853(n), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Defendant Property to be forfeited.

8.    Pursuant to 21 U.S.C. §853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Defendant Property, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Defendant Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Defendant Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Defendant Property, any additional

facts supporting the petitioner's claim, and the relief sought.

9.   Pursuant to 21 U.S.C. §853(n), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Defendant Property.

10.   Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. §853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

_____
William G. Young
Chief United States District Judge

Date: June 16, 2005