UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>            Plaintiff,    )<br>                             )<br>        v.                   )<br>                             )<br>GEORGE MONTILLA              )<br>    also known as JOSE,      )<br>            Defendant.       ) | CRIMINAL NO. 04-10160-WGY |

**UNITED STATES' MOTION TO CORRECT JUDGMENT PURSUANT TO RULE 36**

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves, pursuant to Federal Rule of Criminal Procedure 36, that this Court enter a corrected judgment in the above-captioned case, because the judgment entered on October 18, 2005, due to clerical error, omission, or oversight, fails to include the forfeiture ordered by the Court. In support thereof, the United States sets forth the following:

1.   On or about September 23, 2004, a federal grand jury sitting in the District of Massachusetts returned a one-count Superseding Indictment charging defendant George Montilla, also known as Jose, (the "Defendant"), with Conspiracy to Distribute, and to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §846 (Count One).

2.   The Superseding Indictment included a forfeiture allegation seeking the forfeiture, as a result of committing the

1

offense alleged in Count One of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense, and any and all property used, intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, pursuant to 21 U.S.C. §853.  Such property includes, but is not limited to, $7,150 in United States currency seized from the Defendant on March 12, 2004, in that such sum represents drug proceeds ("Defendant Property").

   3.   The forfeiture allegation also provided that if the above-mentioned property, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it was the intention of the United States, pursuant to Title 21 U.S.C. §853(p), to seek forfeiture of any other property of the Defendant up to the value of the property above.

   4.   On or about June 1, 2005, a Change of Plea hearing was held at which the Defendant pled guilty to Count One of the Superseding Indictment.

   5.   On or about June 13, 2005, the government filed a Motion

for a Preliminary Order of Forfeiture seeking forfeiture of property including, but not limited, to the Defendant Property.

6.   On or about June 16, 2005, this Court issued a Preliminary Order of Forfeiture against the Defendant's interest in the Defendant Property.

7.   On July 19, 2005, July 26, 2005 and August 2, 2005, a Notice of Order of Forfeiture was published in the Boston Herald newspaper pursuant to 21 U.S.C. §853(n).  In addition, notice of the Preliminary Order of Forfeiture was served on all interested parties.

8.   As of the statutory deadline set by 21 U.S.C. §853(n), no petitions or claims of interest in the Defendant Property were filed.  On September 7, 2005, this Court entered a Final Order of Forfeiture.

9.   On October 18, 2005, the Defendant was sentenced to 42 months' incarceration and 48 months' supervised release.  Despite the Court previous Final Order of Forfeiture, forfeiture was not specifically included in the written judgment.

8.   Rule 32.2(b)(3) provides: "At sentencing -- or any time before sentencing if the defendant consents -- the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment." Fed. R. Crim. P. 32.2 (b)(3).  The failure to include forfeiture in a judgment may be corrected pursuant to Rule 36, which allows the

3

Court to:

> at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission.

9. Here, the Court's failure to include in its written judgment the asset that it had previously determined were subject to criminal forfeiture apparently arises from an oversight or omission, and, therefore, may be corrected pursuant to Rule 36. See United States v. Yeje-Cabrera, 430 F.3d 1, 13-16 (1st Cir. 2005)(ordering on appeal, district court judgment without forfeiture order to be amended nunc pro tunc to include order of forfeiture).

WHEREFORE, the United States respectfully moves that this Court issue a corrected judgment in the above captioned case, including all assets subject to forfeiture as determined in this Court's Final Order of Forfeiture.

>                     Respectfully submitted,
>
>                     MICHAEL J. SULLIVAN,
>                     United States Attorney
>
>               By:   /s/ Jennifer H. Zacks
>                     JENNIFER H. ZACKS
>                     Assistant U.S. Attorney
>                     United States Courthouse
>                     Suite 9200
>                     1 Courthouse Way
>                     Boston, MA 02210
>                     (617) 748-3100

Dated:  February 21, 2006

CERTIFICATE OF SERVICE

    This is to certify that the foregoing Motion for Final Order of Forfeiture and the proposed Final Order of Forfeiture, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                  */s/ Jennifer H. Zacks*

                                  Jennifer H. Zacks
                                  Assistant United States Attorney

Dated: February 21, 2006